# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS WOOD, | : | Civil No. 3:18-cv-1788 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| OFFICER BROWN, | : | |
| | : | |
| Defendant | : | |

## **MEMORANDUM**

Plaintiff Thomas Wood ("Wood" or "Plaintiff"), at all times relevant a state inmate incarcerated at the State Correctional Institution at Benner Township ("SCI-Benner"), Bellefonte, Pennsylvania, commenced this action on September 10, 2018. (Doc. 1). Currently pending is Defendant Brown's ("Brown") motion (Doc. 36) pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking an entry of summary judgment on all claims. The motion is accompanied by a statement of facts (Doc. 37), brief (Doc. 38) and exhibits (Doc. 39).

Based on Wood's failure to oppose the motion, an Order (Doc. 41) issued on September 13, 2019, directing Wood to oppose the motion on or before September 30, 2019. The Court cautioned him that his failure to file an opposition brief and statement of material facts would render the motion unopposed and would result in an admission to Defendant's statement of material facts. (Doc. 41). He has neither opposed the motion nor sought an extension of time in which to do so. The motion is therefore unopposed

and Defendant's statement of facts is deemed admitted. For the reasons set forth below, the Court will grant Defendant's motion.

I. **Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id.; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with

affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56; Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); Wooler v. Citizens Bank, 274 F. App'x. 177, 179 (3d Cir. 2008).

The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" Picozzi v. Haulderman, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(e)(2)).

"Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

II. **Statement of Material Facts**

"A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." See L.R. 56.1.

The opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. Id. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Id. Because Wood failed to oppose Defendant's statement of facts, all facts contained therein are deemed admitted.

Wood's action arises out of a July 7, 2018 incident that occurred while he was housed in the Restricted Housing Unit ("RHU") at SCI-Benner. (Doc. 38, ¶¶ 1, 2; Exhibit 1, Complaint, p. 4, 5, ¶¶ B, C; Doc . 39-1, p. 20, lines 20-23, 25, p. 21, lines 1-4). On that date, Brown and another unidentified corrections officer arrived at Wood's assigned RHU cell to escort him to triage for a haircut. (Id. at 3,4; Doc. 39-1, p. 20, lines 17-20, p. 53 lines 12-14).

The incident occurred in an area which is under video surveillance.[1] (Id. at 5, Doc. 39-2, pp. 2-4, Declaration of Holly Quist ("Quist Decl.") and video). The video depicts Defendant Brown and the other corrections officer removing Wood from his cell. (Exhibit 3, 9:24:50). Upon exiting the cell, Wood is observed speaking to Defendant Brown in an aggressive manner and repeatedly turning around; Defendant Brown attempts to move him in a forward direction along an elevated walkway. (Id. at 9:24:50 to 9:25:40). It takes nearly a minute for Defendant Brown and the other corrections officer to walk Wood a short distance to a set of stairs. (Id. at 9:24:50 to 9:25:40). When

---

[1] The video has been stored in the Superintendent's Office since July 7, 2018. (Doc. 39-2, Declaration of Holly Quist, ¶ 5).

they arrive at the top of the stairs, Wood makes a sudden movement and turns away from the stairs. (Id. at 9:25:41). Defendant Brown responds by pushing Wood away from the stairs and against the wall behind them. (Id. at 9:25:41-9:25:43). The other officer is seen radioing for assistance. (Id. at 9:25:44). After a brief scuffle, the officers are able to regain control and Wood is again walking with Brown and the other corrections officer. (Id. at 9:25:41 to 9:25:56). Wood continues to turn around and speak as the officers are attempting to move him forward; they are unable to move him down the stairs. (Id. at 9:26:00). A third corrections officer arrives. (Id. at 9:26:12). Wood continues to turn around and speak to Brown. (Id. at 9:26:00 to 9:26:35). The three corrections officers are eventually successful in walking Wood down the stairs and through a door off the common area. (Id. at 9:26:56). Wood returns to the common area approximately nine minutes later. (Id. at 9:35:16). He has no apparent injuries. He is escorted back to his cell without incident. (Id. at 9:35:15 to 9:37:20).

Photographs taken on that date do not show significant injuries. (Doc. 39-3, Declaration of Michael Bell ("Bell Decl."), Safety Manager, SCI-Benner, ¶ 2-4; pp. 4-12).

### III. Discussion

#### A. Constitutional Claim

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

Wood asserts that Defendant Brown used excessive force against him in violation of the Eighth Amendment. The Eighth Amendment protects prisoners from cruel and unusual punishment, including "the unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); see also U.S. CONST. amend. VIII. To prevail on an Eighth Amendment claim, an inmate must show: (1) a deprivation that is objectively sufficiently serious; and, (2) "a sufficiently culpable state of mind" of the defendant. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"The test for whether a claim of excessive force is constitutionally actionable is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' Whitley v. Albers,

6

475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The relevant factors for a court to consider are: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. Id.; see also Brooks, 204 F.3d 102 (same)." Giles v. Kearney, 571 F.3d 318, 326 (3d Cir. 2009). While an "inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim, ... [a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Aruanno v. Maurice, No. 18-1306, 2019 WL 5597653, at *2 (3d Cir. Oct. 30, 2019) citing Wilkins v. Gaddy, 559 U.S. 34, 38 (2010); see also, Hudson, 503 U.S. at 9.

Where events at issue have been captured on videotape, as is the case here, the court must consider that videotaped evidence in determining whether there is any genuine dispute as to material facts. See Scott v. Harris, 550 U.S. 372, 380-81 (2007). The Court must view the facts in the light depicted by the videotape. See id. (relying on a videotape in assessing summary judgment evidence and admonishing that the lower court "should have viewed the facts in the light depicted by the videotape."). Where a videotape refutes an inmate's claims that excessive force was used against him, and the video evidence does not permit an inference that prison officials acted maliciously and sadistically,

7

summary judgment is entirely appropriate. See Tindell v. Beard, 351 F. App'x 591 (3d Cir. 2009).

Wood alleges in his complaint that "Officer Brown tightened the Plaintiff's handcuffs until they drew blood from his right wrist. The Defendant shoved Plaintiff against J-A #2021 cell. The Defendant then attempted to push Plaintiff down a flight of stairs." (Doc. 1, p. 5). He avers that his right wrist was swollen, cut and bleeding and that "Medical was contacted and Plaintiff's injuries were cleaned and bandaged. Photos were also taken of Plaintiff's right wrist." (Id.).

Review of the video demonstrates that the use of force applied in this instance was reasonable, justified, and measured. The video shows that Wood was aggressive and unruly when initially removed from his cell. Wood continued to resist and act in an aggressive manner while Defendant Brown and the other officer moved him along the elevated walkway from his cell to a flight of stairs. When they reached the top of the stairs, Wood moved in a sudden and abrupt manner. In response, Defendant Brown pushed Wood away from the top of the stairs and into the wall. The other corrections officer radioed for assistance and he and Defendant Brown attempted to gain control over Wood. Wood continued to be uncooperative and combative, which prevented them from guiding Wood down the flight of stairs. Wood was not able to be escorted down the stairs until a third corrections officer arrived. It is clear that, while Defendant Brown did push Wood up against the wall, his action was clearly in response to the sudden movement by Wood and constituted a good faith effort to restore discipline and

accomplish the task of escorting Wood to triage.  At no point did Defendant Brown attempt to push Wood down the steps as alleged.  Further, despite Wood's allegations to the contrary, the photographs taken after the incident do not depict any bandages or discernable injury to Wood's wrist.

Upon review of the security footage, it is clear that Defendant Brown applied minimal and appropriate force.  There is simply no evidence of the excessive or gratuitous use of force.  The Supreme Court has instructed, "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury."  Whitley, 475 U.S. at 321-22.  On this record, a reasonable factfinder could conclude only that the "force was applied in a good-faith effort to maintain or restore discipline," and that the force was not excessive.  Hudson, 503 U.S. at 6–7.  Summary judgment in favor of Defendant Brown on the Eighth Amendment claim is therefore warranted.

### B. State Law Claims

Defendant Brown also seeks an entry of summary judgment on the state law claims on the basis of sovereign immunity. State prison officials are immune from suit for those actions within the scope of their duties, except in instances in which the immunity has been specifically waived. See 1 PA. C.S. § 2310.  The Pennsylvania General Assembly passed a comprehensive tort claims act which provides for sovereign immunity for the Commonwealth and its officials and employees, except in nine limited

areas. 1 PA.C.S. § 2310. The nine exceptions are in the areas of motor vehicle operation, medical malpractice, care of personal property, dangerous conditions of real estate, dangerous conditions of highways, care of animals, liquor store sales, the activities of the National Guard, and the administration, manufacture and use of a toxoid or vaccine. 42 PA.C.S. § 8522(b)(1)-(9). Thus, no liability can be imposed against a Commonwealth party unless the claim falls within one of the above nine categories in which sovereign immunity has been waived. Yakowicz v. McDermott, 120 Pa.Cmwlth. 479, 548 A.2d 1330 (1988). A "Commonwealth party" entitled to immunity is defined as a Commonwealth agency and its employees with respect to acts within the scope of their employment. 42 PA.C.S.A. § 8501. Sovereign immunity bars monetary relief claims against state defendants acting in their individual capacity. Maute v. Frank, 657 A.2d 985, 986 (Pa.Super.Ct. 1995). Further, "a Commonwealth defendant cannot be held liable for damages arising out of intentional torts." Holt v. Northwest Pennsylvania Training Partnership Consortium, Inc., 694 A.2d 1134, 1137 (1997). Defendant Brown was clearly acting within the scope of his employment at the time of the incident. Because the alleged torts do not fall within any of the nine exceptions to sovereign immunity, Defendant Brown is entitled to sovereign immunity on the state law claims.

**IV.** **Conclusion**

Based on the foregoing, Defendants' motion (Doc. 36) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is deemed unopposed and will be granted.

An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**Dated:** November 14, 2019